UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR GUZMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRUMA CORP., CHUCK DAWSON, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | No. 1:15-cv-00159-GEB-SKO<br><br>**ORDER GRANTING PLAINTIFF'S REMAND MOTION** |

　　　　Plaintiff moves to remand this case to state court under 28 U.S.C. § 1447(c), contending that the diversity jurisdiction basis for removal does not exist, since Plaintiff alleges in his Complaint that both he and Defendant Chuck Dawson are California residents. Defendants counter that Dawson is a fraudulently joined defendant whose residency does not defeat diversity jurisdiction.

　　　　"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and [that] defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v.

1

1  AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (quotes and
2  citations omitted). This "[j]urisdiction[al issue] must be
3  analyzed on the basis of the pleadings filed at the time of
4  removal without reference to subsequent amendments." Sparta
5  Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, 159 F.3d 1209,
6  1213 (9th Cir. 1998).
7         Under the involved analysis, "[a] remand motion must be
8  granted unless [the removant] demonstrates that [a plaintiff]
9  'would not be afforded leave [in state court] to amend [his]
10 complaint to cure purported deficenc[ies]." Hernandez v. Ignite
11 Rest. Grp., Inc., 917 F. Supp. 2d 1086, 1090 (E.D. Cal. 2013)
12 (citing Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2
13 (N.D. Cal. Jul. 19, 2006). "[T]he removal statute is strictly
14 construed against removal jurisdiction." Gov't of Marinduque v.
15 Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). Moreover,
16 "any doubt about the right of removal requires resolution in
17 favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d
18 1241, 1244, (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d
19 564, 566 (9th Cir. 1992)).
20         The parties take opposite positions on whether
21 Plaintiff could plead a harassment claim against Dawson under
22 California law. Plaintiff alleges in his Complaint harassment
23 claims against Dawson, under the California Fair Employment and
24 Housing Act ("FEHA"), based on Plaintiff's disability and age.
25 Specifically, Plaintiff alleges:
26         [After] former owner[] Roberto Gonzalez
           Barrera [died], the company dynamic changed.
27         Thereafter, an effort was made to hire
           younger[]lower-paid employees to replace or
28         phase out senior employees. In early 2014,

2

> Defendant realigned three sales districts in the Central Valley of California. As part of the realignment, Plaintiff assumed responsibilities for the district previously presided over by former employee, John Escalante.
>
> At Plaintiff's 2013 year-end review, conducted in February 2014, Plaintiff received high marks. Despite the favorable review, Mr. Dawson sent Plaintiff a text-message picture of John Escalante sticking his middle finger up. Because Plaintiff viewed the picture as offensive, with a negative subtext about his continued employment, Plaintiff complained to Mr. Dawson that the message was unwelcome. In response, Mr. Dawson conducted a second performance review for the 2013 year. This time, and unlike the first review for the same 2013 year, in the second review, Plaintiff received extremely negative marks.

(Notice of Removal Ex. A, Compl. ("Compl.") ¶¶ 6-7, ECF No. 1-1.)

Thereafter, Dawson "put Plaintiff on a performance plan." (Id. ¶ 7.) Subsequently, Plaintiff took medical leave due to "the onset of depression and anxiety," and he informed Dawson "that he had been diagnosed with generalized anxiety disorder . . . [and] that his condition impacted his ability to sleep and work." (Id. ¶ 8.) Dawson then "shunned Plaintiff." (Id. ¶ 9.) Plaintiff alleges Dawson's conduct was "so severe and pervasive that a reasonable person in Plaintiff's circumstances would have found the work environment to be hostile or abusive," and that he suffered from a "changed work[] environment." (Id. ¶¶ 44, 48.) Plaintiff alleges he "was wrongfully terminated—two months before his sixtieth birthday." (Id. ¶ 9.)

Defendants argue it is obvious under well-settled California law that Plaintiff cannot allege an age or disability harassment claim against Dawson. Specifically, Defendants argue

3

Plaintiff's "allegations of harassment are based almost entirely on personnel-management decisions[,]" which are non-actionable against a supervisor because such actions are considered "a normal part of an employment relationship that cannot be avoided." (Opp'n to Mot. to Remand 15:1-5, 15:22-28, ECF No. 23.)

> To establish a claim for harassment [under the FEHA], a plaintiff must demonstrate: (1) []he is a member of a protected group; (2) []he was subjected to harassment because []he belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment. The plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature. Unlike discrimination claims, harassment consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. For example, commonly necessary personnel management actions such as hiring and firing, job or project assignments, promotion or demotion, and performance evaluations, do not come within the meaning of harassment.

Lawler v. Montblanc North America, LLC, 704 F.3d 1235, 1244 (9th Cir. 2013) (citations, ellipses, and quotations omitted).

Harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." Lawler, 704 F.3d at 1244. However, "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message." Roby v. McKesson Corp., 47 Cal. 4th 686, 709 (2009) (holding that official employment actions may constitute the evidentiary basis of harassment claims if the actions are used as a means of conveying an offensive message).

Defendants have not shown it is obvious under well-

1   settled California law that Plaintiff would not be granted leave
2   to amend any deficiencies in his harassment claims against
3   Dawson. Therefore, Defendants have not established that Dawson is
4   fraudulently joined, and Plaintiff's remand motion will be
5   granted.
6        Plaintiff also requests, under 28 U.S.C. § 1447(c),
7   attorney's fees incurred as a result of the removal. However,
8   "[a]bsent unusual circumstances, courts may award attorney's fees
9   under § 1447(c) only where the removing party lacked an
10  objectively reasonable basis for . . . removal." <u>Martin v.</u>
11  <u>Franklin Capital Corp</u>., 546 U.S. 132, 141 (2005). Plaintiff has
12  not shown that Defendants lacked an objectively reasonable basis
13  for the removal. Therefore, Plaintiff's request for attorney's
14  fees is denied.
15       Plaintiff's remand motion is granted, and the Court
16  Clerk shall remand this case to the Superior Court of California
17  in the County of Fresno.
18  Dated:  April 2, 2015

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    Senior United States District Judge

5